**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

0 Valuation of Security | 0 Assumption of Executory Contract or Unexpired Lease | 0 Lien Avoidance

**Last revised: September 1, 2018**

**UNITED STATES BANKRUPTCY COURT**
**District of New Jersey**

In Re: Terri L. Parisi
Joseph F. Parisi, III

Debtor(s)

Case No..: 19-27631
Judge: Jerrold N. Poslusny, Jr.

**CHAPTER 13 PLAN AND MOTIONS - AMENDED**

☐ Original
■ Motions Included
■ Modified/Notice Required
☐ Modified/No Notice Required
Date:

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

THIS PLAN:

☐ DOES ■ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ■ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ■ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.



Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Initial Debtor(s)' Attorney SDH Initial Debtor: TLP Initial Co-Debtor JFP

## Part 1: Payment and Length of Plan

a. The debtor shall pay $430.00 Monthly for 60 months to the Chapter 13 Trustee, starting on October 01, 2019 for approximately 60 months.

b. The debtor shall make plan payments to the Trustee from the following sources:

- ■ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

- ☐ Sale of real property
  Description:
  Proposed date for completion:
- ☐ Refinance of real property:
  Description:
  Proposed date for completion:
- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion:

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection ☒ NONE

a. Adequate protection payments will be made in the amount of $___ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ___ (creditor).

b. Adequate protection payments will be made in the amount of $___ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ___ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Isabel C. Balboa, Esq. Trustee | Administrative | 2,580.00 |
| S. Daniel Hutchison, Esq. SH-6931 | Attorney Fees | 4,750.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

- ■ None
- ☐ The allowed priority claims listed below are based on a domestic support obligation that has been



Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence: ■ NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ■ NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**c. Secured claims excluded from 11 U.S.C. 506: ■ NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ■ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|



Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ☐ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Toyota Financial Services | 2017 Toyota Tacoma 24,800 miles Vehicle to be surrendered. | 20,524.00 | 0.00 |
| Toyota Financial Services | 2015 Toyota Tundra 57,947 miles Vehicle to be surrendered. | 28,000.00 | 0.00 |
| Toyota Financial Services | 2012 Toyota Corolla 97,133 miles Vehicle to be surrendered. | 8,500.00 | 0.00 |

**f. Secured Claims Unaffected by the Plan ☐ NONE**

The following secured claims are unaffected by the Plan:

Creditor
American Honda Finance
Flagstar Bank

**g. Secured Claims to be Paid in Full Through the Plan ☐ NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| PHH Mortgage Corporation | 419 Rosebud Drive Williamstown, NJ 08094 | 18,062.70 |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $___ to be distributed *pro rata*

☐ Not less than ___ percent

■ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6: Executory Contracts and Unexpired Leases X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|



Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

## Part 7: Motions ☒ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). ■ NONE**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ■ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ■ NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
- ■ Upon Confirmation
- ☐ Upon Discharge

**b. Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages



Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

5) Priority Claims
6) General Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9: Modification ☐ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: September 14, 2019.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| The debtors are modifying their Chapter 13 Plan to pay the 2nd mortgage owed to PHH Mortgage, in full through the Chapter 13 Plan. | The debtors will increase their monthly Plan payment. |

Are Schedules I and J being filed simultaneously with this Modified Plan? ☐ Yes ■ No

**Part 10 : Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:
■ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: November 1, 2019
/s/ Terri L. Parisi
Terri L. Parisi
Debtor

Date: November 1, 2019
/s/ Joseph F. Parisi, III
Joseph F. Parisi, III
Joint Debtor

Date November 1, 2019
/s/ S. Daniel Hutchison, Esq.
S. Daniel Hutchison, Esq. SH-6931
Attorney for the Debtor(s)



Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:
Terri L. Parisi
Joseph F. Parisi, III
Debtors

Case No. 19-27631-JNP
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-1 User: admin Page 1 of 2 Date Rcvd: Nov 05, 2019
Form ID: pdf901 Total Noticed: 28

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 07, 2019.

db/jdb +Terri L. Parisi, Joseph F. Parisi, III, 419 Rosebud Drive, Williamstown, NJ 08094-1656
518460270 Advocare In-Patient Medicine, Attn: Patient Billing/Bankruptcy Dept., PO Box 3001 D49, Voorhees, NJ 08043-0598
518460272 +Chase Card Services, Attn: Bankruptcy Department, PO Box 15298, Wilmington, DE 19850-5298
518460273 +Citibank North America, Citibank Corp/Centralized Bankruptcy, PO Box 790034, St Louis, MO 63179-0034
518460275 +Donna Parisi, 1056 S. Black Horse Pike, Apt. S12, Williamstown, NJ 08094-1969
518460277 +Franklin Cardiovascular Associates, PA, 438 Ganttown Road, Suite B8-9, Sewell, NJ 08080-2341
518495187 +JPMorgan Chase Bank, N.A., s/b/m/t Chase Bank USA, N.A., c/o National Bankruptcy Services, LLC, P.O. Box 9013, Addison, Texas 75001-9013
518460278 +Jefferson Health-New Jersey, 500 Marlboro Ave, Cherry Hill, NJ 08002-2020
518460279 +Michael Zane, 416 Robin Lane, Williamstown, NJ 08094-1655
518460280 +PHH Mortgage, PO Box 5443, Mount Laurel, NJ 08054-5443
518460281 PHH Mortgage, Attn: CEO Robert B Crowl, 3000 Leadenhall Road, Mount Laurel, NJ 08054
518460282 +PHH Mortgage Corporation, Attn: President, VP, or CEO, 1 Mortgage Way, Mount Laurel, NJ 08054-4624
518460283 +Safe Home Security, Attn: Bankrupcty Department, 1125 Middle Street #201, Middletown, CT 06457-1686
518460284 +Spruce Fin, 2900 North Loop West, Houston, TX 77092-8809
518460287 ++TOYOTA MOTOR CREDIT CORPORATION, PO BOX 8026, CEDAR RAPIDS IA 52408-8026 (address filed with court: Toyota Financial Services, Attn: Bankruptcy Department, PO Box 8026, Cedar Rapids, IA 52409)
518493834 +Toyota Motor Credit Corporation, PO Box 9013, Addison, Texas 75001-9013
518460290 +Wells Fargo Jewelry Advantage, Attn: Bankruptcy Department, PO Box 10438, Des Moines, IA 50306-0438

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

smg E-mail/Text: usanj.njbankr@usdoj.gov Nov 06 2019 00:17:04 U.S. Attorney, 970 Broad St., Room 502, Rodino Federal Bldg., Newark, NJ 07102-2534
smg +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 06 2019 00:16:59 United States Trustee, Office of the United States Trustee, 1085 Raymond Blvd., One Newark Center, Suite 2100, Newark, NJ 07102-5235
518460271 E-mail/Text: ebnbankruptcy@ahm.honda.com Nov 06 2019 00:17:15 American Honda Finance, Attn: Bankruptcy Department, PO Box 168088, Irving, TX 75016
518482229 E-mail/Text: ebnbankruptcy@ahm.honda.com Nov 06 2019 00:17:15 American Honda Finance Corporation, National Bankruptcy Center, P.O. Box 168088, Irving, TX 75016-8088
518460274 E-mail/Text: mrdiscen@discover.com Nov 06 2019 00:15:58 Discover Financial, Attn: Bankruptcy Department, PO Box 15316, Wilmington, DE 19850
518468868 E-mail/Text: mrdiscen@discover.com Nov 06 2019 00:15:58 Discover Bank, Discover Products Inc, PO Box 3025, New Albany, OH 43054-3025
518460276 +E-mail/Text: cashiering-administrationservices@flagstar.com Nov 06 2019 00:17:44 Flagstar Bank, Attn: Bankruptcy Department, 5151 Corporate Drive, Troy, MI 48098-2639
518460828 +E-mail/PDF: gecsedi@recoverycorp.com Nov 06 2019 00:23:23 Synchrony Bank, c/o of PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021
518460285 +E-mail/PDF: gecsedi@recoverycorp.com Nov 06 2019 00:23:23 Synchrony Bank/Old Navy, Attn: Bankruptcy Department, PO Box 965060, Orlando, FL 32896-5060
518460286 E-mail/PDF: gecsedi@recoverycorp.com Nov 06 2019 00:24:21 Synchrony Bank/Sams Club, Attn: Bankruptcy Department, PO Box 965060, Orlando, FL 32896-5061
518460289 +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Nov 06 2019 00:15:16 Verizon Wireless, Attn: Bankruptcy Department, 500 Technology Drive Suite 300, Weldon Springs, MO 63304-2225

TOTAL: 11

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

518495516* +JPMorgan Chase Bank, N.A., s/b/m/t Chase Bank USA, N.A., c/o National Bankruptcy Services, LLC, P.O. Box 9013, Addison, Texas 75001-9013
518460288* ++TOYOTA MOTOR CREDIT CORPORATION, PO BOX 8026, CEDAR RAPIDS IA 52408-8026 (address filed with court: Toyota Financial Services, Attn: Bankruptcy Dept, PO Box 8026, Cedar Rapids, IA 52409)
518493849* +Toyota Motor Credit Corporation, PO Box 9013, Addison, Texas 75001-9013
518494060* +Toyota Motor Credit Corporation, PO Box 9013, Addison, Texas 75001-9013

TOTALS: 0, * 4, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

District/off: 0312-1 User: admin Page 2 of 2 Date Rcvd: Nov 05, 2019
Form ID: pdf901 Total Noticed: 28

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 07, 2019 Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 4, 2019 at the address(es) listed below:

Harold N. Kaplan on behalf of Creditor SANTANDER BANK hkaplan@rasnj.com, informationathnk@aol.com
Isabel C. Balboa ecfmail@standingtrustee.com, summarymail@standingtrustee.com
Rebecca Ann Solarz on behalf of Creditor Toyota Motor Credit Corporation rsolarz@kmllawgroup.com
S. Daniel Hutchison on behalf of Debtor Terri L. Parisi sdhteamlaw@outlook.com, backupcourt@outlook.com;sdhlawpara1@outlook.com;hutchisonsr39026@notify.bestcase.com
S. Daniel Hutchison on behalf of Joint Debtor Joseph F. Parisi, III sdhteamlaw@outlook.com, backupcourt@outlook.com;sdhlawpara1@outlook.com;hutchisonsr39026@notify.bestcase.com
Shauna M Deluca on behalf of Creditor SANTANDER BANK sdeluca@rasflaw.com
U.S. Trustee USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 7